**HILL WALLACK LLP**
21 Roszel Road
Princeton, NJ 08543-5226
(609) 924-0808
Attorneys for Defendants, Washington Township Board of Education, Joseph N. Bollendorf, Jonathan A. Strout, Shawnequa Carvalho, Paul Esposito, Virginia Murphy, Danielle Halpin, Karen Garrison, Renee Pollard, Raymond C. Dinovi, Julie Kozempel, Janine Wechter, Brian Ellis, Elayne Clancy, Connie Baker, Natalie Beury, Stacy Dimeo and Kathleen Gallinaro and Candice Zachowski

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY J. JANICKI,<br><br>               Plaintiff,<br>vs.<br><br>WASHINGTON TOWNSHIP BOARD OF EDUCATION 2019-2022, ET AL,<br><br>               Defendants. | Civil Action<br>No. 1:22-cv-04389-KMW-MJS<br><br>**Document electronically filed** |

## REPLY BRIEF OF CANDICE ZACHOWSKI IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
## MOTION DAY – NOVEMBER 6, 2023

**On the Brief:**
Jeffrey L. Shanaberger, Esq., Attorney ID # 20931983
Cherylee O. Melcher, Esq., Attorney ID # 16972003

{12165386;1}

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................... 1

LEGAL ARGUMENT ......................................................................................... 2

POINT I ................................................................................................................ 2

    THE CHANCERY DIVISION'S FINAL ORDER IS ENTITLED TO FULL FAITH AND CREDIT AS PLAINTIFF'S CLAIM OF RELIGIOUS DISCRIMINATION WAS ADJUDICATED IN THE CHANCERY DIVISION ACTION TO CONFIRM THE ARBITRATION AWARD AND JANICKI HAD NOTICE AND OPPORTUNITY TO BE HEARD ........................................... 2

POINT II .............................................................................................................. 4

    PLAINTIFF'S TITLE VII CLAIMS ARE TIME BARRED AND, THUS, THE COMPLAINT FAILS TO STATE A CLAIM AND MUST BE DISMISSED AS A MATTER OF LAW ........................................................................ 4

POINT III ............................................................................................................. 8

    PLAINTIFF HAS FAILED TO POINT TO ANY FACTS IN THE COMPLAINT TO STATE A TITLE VII CLAIM; THUS, EVEN IF TIMELY, THE CLAIMS MUST BE DISMISSED ......................................................... 8

POINT IV ........................................................................................................... 10

    THE COMPLAINT AGAINST THE INDIVIDUAL DEFENDANTS FAILS TO STATE A VIABLE CLAIM AS A MATTER OF LAW AND SHOULD BE DISMISSED WITH PREJUDICE ................................................................ 10

CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

Burgh v. Borough Council of the Borough of Montrose,
  251 F.3d 465 (3d Cir. 2001) .................................................................. 7

Burlington Industries, Inc. v. Ellerth,
  524 U.S. 742 (1998) .............................................................................. 10

Chester County Intermediate Unit v. Pa. Blue Shield,
  896 F.2d 808 (3d Cir. 1990) .................................................................. 8

Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,
  836 F.2d 173 (3d Cir. 1988) .................................................................. 8

Faragher v. City of Boca Raton,
  524 U.S. 775 (1998) .............................................................................. 10

Jones v. School Dist. of Philadelphia,
  198 F.3d 403 (3d Cir. 1999) .................................................................. 9

Mandel v. M&Q Packaging Corp.,
  706 F.3d 157 (3d Cir. 2013) .................................................................. 5

Sheridan v. E.I. DuPont de Nemours and Company,
  100 F.3d 1061 (3d Cir. 1996) ................................................................ 10

Webb v. City of Philadelphia,
  562 F.3d 256 (3d Cir.2009) ................................................................... 5

Wilkerson v. New Media Tech. Charter Sch., Inc.,
  522 F.3d 315 (3d Cir. 2008) .................................................................. 9

Zdunski v. Erie 2-Chautauqua-Cattaragus Boces,
  2022 WL 816010 (W.D.N.Y. 2022) ...................................................... 9

**Statutes**

42 U.S.C. §2000e et seq. ............................................................................. 1

42 U.S.C. 2000e-5(e)(1) ............................................................................. 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................. 1, 8, 9

## **PRELIMINARY STATEMENT**

Plaintiff Gregory J. Janicki has failed to provide sufficient facts or any legal basis to oppose defendant Zachowski's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which details that plaintiff has failed to state a claim, as a matter of law, for religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq.  While plaintiff is representing himself and is permitted some leeway concerning procedural aspects regarding court filings (e.g., stringent pleading requirements), his pro se designation does not put him above the law, allow him to disregard binding court orders, excuse his failure to comply with the statute of limitations, or simply ignore the well-settled law.  For the reasons detailed herein and more fully within the moving papers, plaintiff's complaint against defendants Washington Township Board of Education, Joseph N. Bollendorf, Jonathan A. Strout, Shawnequa Carvalho, Paul Esposito, Virginia Murphy, Danielle Halpin, Karen Garrison, Renee Pollard, Raymond C. Dinovi, Julie Kozempel, Janine Wechter, Brian Ellis, Elayne Clancy, Connie Baker, Natalie Beury, Stacy Dimeo, Kathleen Gallinaro and, now, Candice Zachowski must be dismissed with prejudice for failure to state any viable cause of action against them.

{12165386;1}                                                                    1

# LEGAL ARGUMENT

## POINT I

**THE CHANCERY DIVISION'S FINAL ORDER IS ENTITLED TO FULL FAITH AND CREDIT AS PLAINTIFF'S CLAIM OF RELIGIOUS DISCRIMINATION WAS ADJUDICATED IN THE CHANCERY DIVISION ACTION TO CONFIRM THE ARBITRATION AWARD AND JANICKI HAD NOTICE AND OPPORTUNITY TO BE HEARD**

The gravamen of plaintiff's opposition to the Court giving full faith and credit to the Chancery Division's final order of May 11, 2022 appears to be two-fold. First, he claims that he never received notice of the March 31, 2022 order to show cause in Docket No. C-00008-22. Second, he suggests that the Chancery Division action did not encompass his claims of religious discrimination. Both contentions are false.

As the Chancery Division docket demonstrates,[1] the order to show cause was filed on March 31, 2022 directing Janicki to appear in person and show cause why judgment should not be entered confirming the August 31, 2021 award and opinion of the arbitrator; and precluding Janicki from repudiating or challenging the determination of just cause for the tenure charges and his termination "in any subsequent administrative, judicial or arbitration proceedings." The case jacket further contains a letter of May 11, 2022, from the Board's counsel, Geoffrey N. Stark, Esq., and his certification demonstrating proof of service of the March 31,

---

[1] Again, the case jacket of C-00000-8-22 is a matter of public record and is accessible on the New Jersey Judiciary eCourts system.

2022 order to show cause on Janicki. Janicki was copied with that letter and certification. As Stark certified, the order to show cause was received by Stark on April 11, 2022. The executed order was then sent to Janicki on April 12, 2022, at the very address that appears on his filings in the instant case by regular and certified mail. The order to show cause was also sent to Janicki's attorney in the arbitration proceedings, Matthew Wieliczko, Esq., by regular and certified mail. The regular mailing to Janicki was never returned as undeliverable. The U. S. Post Office further reported that Janicki had been notified three times that a certified letter was waiting for him to pick up at the Post Office. The May 11, 2022 letter and certification of service are annexed hereto as Exhibit A.

Clearly, Janicki was indeed served with the March 31, 2022 order to show cause. Moreover, he was served with the May 11, 2022 letter to Judge Becker demonstrating service and he ignored that opportunity to respond as well. There is no basis for a collateral attack upon the Chancery Division's final order.

What is more, the plaintiff's claim of religious discrimination was encompassed within the Chancery Division action. The Board's complaint, filed March 25, 2022, expressly averred in paragraph 10 that Janicki had on March 1, 2022, filed a charge of discrimination with the EEOC, which was attached to the complaint as an exhibit, alleging that his employment was improperly terminated. Janicki concedes that the EEOC charge is based upon alleged religious

discrimination and his detailed account appears in the EEOC charge. See Doc. 27-2 at p. 128-131. The Chancery Division action was expressly brought to foreclose Janicki from bringing further collateral actions against the Board such as the EEOC charge. Thus, plaintiff's claim that the Chancery Division action "is not what the current case is about" is preposterous and demonstrably untrue.

For these reasons, and those expressed in Zachowski's opening brief, it is respectfully submitted that the District Court must, pursuant to Kremer v. Chemical Const. Corp., 456 U.S. 461 (1982), give full faith and credit to the final order of the Chancery Division and dismiss the instant case, with prejudice.

## POINT II

### PLAINTIFF'S TITLE VII CLAIMS ARE TIME BARRED AND, THUS, THE COMPLAINT FAILS TO STATE A CLAIM AND MUST BE DISMISSED AS A MATTER OF LAW

Plaintiff does not dispute that the last day of any alleged religious discrimination occurred, at latest, on February 29, 2020, with his termination. Further, he does not dispute the time requirements to file his EEOC Charge, which is 180 days from the last discriminatory act (i.e., August 27, 2020), or that he did not file his EEOC Charge until March 1, 2022. Instead, plaintiff makes three arguments to try to distract the Court's attention from these undisputed facts to claim his EEOC filing was timely. Though creative, all lack merit and must be rejected. The facts unequivocally show that plaintiff failed to comply with the administrative process

and his Title VII claims are, thus, time barred. See Mandel v. M&Q Packaging Corp., 706 F.3d 157 (3d Cir. 2013); Webb v. City of Philadelphia, 562 F.3d 256 (3d Cir. 2009). Consequently, plaintiff's Title VII claims must be dismissed.

First, plaintiff argues that any "timing that may or may not have been met" was not due to his fault, but rather COVID-19 restrictions with courts being closed, staff working from home, and court processes. See Pb 5, ¶¶1-3. This is an extremely overly broad and self-serving statement. Research has not revealed one iota of support that the time period to file an EEOC charge was ever paused or extended due to COVID-19. At best, COVID-19 caused delays in processing and investigating charges of discrimination, likely due to remote working and/or the backlog of right-to-sue letters. From March 21, 2020 until August 3, 2020, in light of the COVID-19 pandemic, the EEOC formally and temporarily suspended the issuance of right-to-sue notices to claimant employees in an effort to delay litigation deadlines and stop the 90-day clock from running against a claimant employee. Notwithstanding, during this time period, claimants were still required to comply with the deadlines (180 or 300 days) to file charges of discrimination with the EEOC. Thus, plaintiff's COVID-19 argument has no bearing on the issue at hand and must be disregarded.

Second, plaintiff incorrectly argues that he had to wait until his Division of Civil Rights investigation was completed before filing a charge with the EEOC as the two could not be pending at the same time. See Pb 5, ¶4. The fact that plaintiff

{12165386;1}                                5

had commenced an action on October 21, 2019, with the New Jersey Division of Civil Rights did not preclude him from complying with the time for filing a charge with the EEOC; rather, it would only extend the time for filing from 180 days to 300 days after the last unlawful employment practice, or 30 days after receiving notice that the State agency terminated the proceedings (here the end of July 2021), whichever is earlier. See 42 U.S.C. 2000e-5(e)(1). As detailed in the moving brief, 300 days after the last date of unlawful discrimination was December 25, 2020, more than 14 months before plaintiff actually filed his EEOC Charge of discrimination. See Db at n.8. Even if one were to apply the 30-day rule after the Division of Civil Rights issued its decision, plaintiff's EEOC Charge would have had to have been filed no later than August 30, 2021. Plaintiff undeniably did not file it by that day. Simply put, plaintiff's prior filing with the Division of Civil Rights did not excuse his failure to timely file his charge of discrimination with the EEOC, and does not provide any relief for his failure to comply with the statute of limitations.

Finally, plaintiff somehow argues that the tenure arbitration hearing that started on November 6, 2020, and ended on August 31, 2021, impacted his filing of the EEOC charge. Notably, the tenure proceedings were initiated over two months after the EEOC charge was required to be filed. The tenure charges have absolutely no impact on the timing which plaintiff was required to file an EEOC charge as directed by 42 U.S.C. 2000e-5(e)(1). Further, accepting plaintiff's argument made

in Point II of his opposition brief, see Pb 4 at ¶9, the tenure charges did not involve his claims for religious discrimination and, therefore, cannot be said to have played any role in the timing for his filing of the EEOC Charge. Plaintiff cannot eat his cake and have it too.

Even accepting plaintiff's illogical argument that the EEOC charge could not be filed until after the tenure hearing was completed, August 31, 2021 would be the trigger day for the clock to start running and plaintiff's EEOC Charge filed on March 1, 2022, was still untimely. One hundred and eighty days from August 31, 2021, is Sunday, February 27, 2022. Plaintiff did not file his Charge until two days later, and even a one-day delay is time-barred and requires dismissal. Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 472 (3d Cir. 2001). This is exactly how the EEOC responded on April 7, 2022 – "the charge was not filed within the time limits under the law."

Plaintiff fails to provide any reasonable explanation as to why the EEOC charge of discrimination was not timely filed, nor is there any legal justification. The administrative procedure of timely filing an EEOC charge is a prerequisite to filing a civil lawsuit and acts as a statute of limitation. Plaintiff failed to meet this deadline by over one and a half years. Consequently, plaintiff's Title VII claims are time-barred as a matter of law and must be dismissed with prejudice.

## POINT III

**PLAINTIFF HAS FAILED TO POINT TO ANY FACTS IN THE COMPLAINT TO STATE A TITLE VII CLAIM; THUS, EVEN IF TIMELY, THE CLAIMS MUST BE DISMISSED**

In the opposition, plaintiff fails to appreciate that it is not sufficient to simply state that his "[c]laim was and still is Religious Discrimination." See Pb 6, ¶1. As plaintiff is pro se, he does get some leniency with pleading requirements, which is why defendants considered all the facts contained in the EEOC charge of discrimination that was submitted with his complaint. Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration when deciding a motion to dismiss under Rule 12(b)(6). See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). Janicki's opposition brief minimally expounds on the facts underlying his alleged claims to paint a clearer picture of the relevant events. See Pb 6 at ¶¶4-10. However, the plaintiff may not amend his complaint through his opposition and any new facts, which are not significant, cannot be considered by the Court on the instant motion to dismiss. Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Here, as detailed in the moving brief, the complaint should be dismissed pursuant to Rule 12(b)(6) because the alleged facts fail to state a claim.

Plaintiff has failed to demonstrate any plausible liability under Title VII for religious discrimination and/or retaliation. Specifically, plaintiff's opposition fails to point to any facts that plaintiff was subjected to discrimination based upon his religion as Christian whereas other similarly situated persons are not treated adversely. See Zdunski v. Erie 2-Chautauqua-Cattaragus Boces, 2022 WL 816010 (W.D.N.Y. 2022); Jones v. School Dist. of Philadelphia, 198 F.3d 403 (3d Cir. 1999); Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315 (3d Cir. 2008). Plaintiff fails to acknowledge that other than a writeup for not attending a mandatory faculty training session where LGBTQ issues were discussed, his requests for accommodations regarding LGBTQ agenda were accommodated. He further refuses to accept that his EEOC charge of discrimination details numerous other employment issues unrelated to plaintiff's Christianity or LGBTQ issues for which he received writeups, was suspended, and ultimately terminated. Thus, plaintiff has filed to establish any causal connection between refraining from attending LGBTQ training and his adverse employment action. Overall, the facts in the complaint and EEOC charge fail to state a claim and pursuant to Rule 12(b)(6) must be dismissed.

## POINT IV

### THE COMPLAINT AGAINST THE INDIVIDUAL DEFENDANTS FAILS TO STATE A VIABLE CLAIM AS A MATTER OF LAW AND SHOULD BE DISMISSED WITH PREJUDICE

Despite plaintiff's contention that "each" defendant has been involved in the process of wrongful termination and religious discrimination, no facts to support that allegation appear in the complaint. But beyond that, plaintiff has not come forward with any legal authority holding there to be individual liability in a Title VII discrimination claim. The school defendants, and in particular defendant Zachowski, respectfully submit that <u>Sheridan v. E.I. DuPont de Nemours and Company</u>, 100 F.3d 1061, 1077-1078 (3d Cir. 1996) (en banc), remains the controlling precedent and compels dismissal of the complaint against each and every individual defendant.

Neither case cited by the plaintiff supports his contention of personal liability. <u>Burlington Industries, Inc. v. Ellerth,</u> 524 U.S. 742 (1998), addressed the vicarious liability of the employing <u>entity</u> for a hostile work environment created by a supervisor in the context of an employee who suffered no tangible job consequences due to the supervisor's actions. No individual employee was even a defendant in that case. <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998), decided the same day as <u>Ellerth</u>, again addressed the vicarious liability of the employer for supervisors' sexual harassment and examined the availability of an affirmative

defense of the employer exercising reasonable care to prevent and promptly correct any sexually harassing behavior, again where no tangible employment action has been taken. Individual liability was not endorsed by the Court in either case.

Accordingly, as no individual liability has been sufficiently pled and does not exist as a matter of law, the complaint against the individual defendants should be dismissed, with prejudice.

## **CONCLUSION**

For the reasons set forth herein and within the moving papers, defendant Candice Zachowski respectfully requests that the complaint be dismissed with prejudice for failure to state a cause for action upon which relief may be granted.

HILL WALLACK LLP
Attorneys for the Defendants,
Washington Township Board of
Education and the individual school
defendants identified herein

By: /s/ *Jeffrey L. Shanaberger*
    Jeffrey L. Shanaberger, Esq.

Dated:     October 12, 2023

**EXHIBIT A**



**CAPEHART**
**SCATCHARD**
ATTORNEYS AT LAW

Geoffrey N Stark
856.914.2043
gstark@capehart.com

May 11, 2022

*Via JEDS electronic filing*
Hon. Robert P. Becker, P.J.Ch.
Superior Court of New Jersey
Gloucester County Courthouse
1 North Broad St.
Woodbury, NJ 08096

    Re:  **Washington Township Board of Education v. Gregory Janicki**
           Docket No.: GLO-C-8-22
           Our File No.: 9240-71956

Dear Judge Becker,

    As Your Honor is aware, I represent Plaintiff, the Washington Township Board of Education ("Board") in the above-referenced matter seeking confirmation of the arbitration award issued by Gary T. Kendellen in a tenure arbitration against Defendant Gregory Janicki. Please accept this letter, and enclosed certification, as proof that that my office served Mr. Janicki with the signed OTSC by certified and regular mail.

    Thank you for your consideration.

                                                      Respectfully submitted,

                                                        CAPEHART & SCATCHARD, P.A.

                                                        */s/ Geoffrey N. Stark*

                                                        Geoffrey N. Stark, Esq.

enclosures

cc:    Mr. Gregory Janicki (via certified and regular mail)

Capehart & Scatchard, P.A.    8000 Midlantic Drive, Ste. 300S    P.O. Box 5016    Mount Laurel, New Jersey 08054-5016
856.234.6800    Main Fax 856.235.2786    WC Fax 856.439.3168    www.capehart.com

Geoffrey N. Stark, Esq. – 01811-2010
CAPEHART & SCATCHARD, P.A.
8000 Midlantic Drive, Suite 300S
P.O. Box 5016
Mount Laurel, NJ 08054-5016
(856) 234-6800
Attorneys for Plaintiff, Washington Township Board of Education

| | |
|---|---|
| THE WASHINGTON TOWNSHIP BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY JANICKI,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO. GLO- C-8-22<br><br>Civil Action<br><br>**CERTIFICATION OF COUNSEL** |

I, GEOFFREY N. STARK, Esq., being of full age, upon my oath, hereby certify as follows:

1. I am an attorney-at-law licensed to practice in New Jersey, with the firm of Capehart & Scatchard, P.A., representing Plaintiff, the Washington Township Board of Education, in the above-captioned matter.

2. In that capacity, I am familiar with the facts set forth below.

3. I filed the instant Verified Complaint and Order to Show Cause ("OTSC") with the court on March 25, 2022.

4. My office received the signed OTSC from the court on April 11, 2022.

5. A copy of the signed OTSC was sent to Mr. Janicki at 725 Elmhurst Ave., Glassboro, NJ 08028, on April 13, 2022 by regular and certified mail. A copy of the certified mail receipt is attached to this certification.

6. I believe that the address to which the signed OTSC was sent belongs to Mr. Janicki because it is the address he included in his Charge of Discrimination filed with the EEOC.

7. A copy of the signed OTSC was also sent to Matthew Wieliczko, Esq., who represented Mr. Janicki in the arbitration proceedings before Arbitrator Kendellen, on April 13, 2022 by regular and certified mail. Upon receipt Mr. Wieliczko contacted my office to notify me that he no longer represents Mr. Janicki.

8. To date, my office has not received the signature confirmation form indicating that Mr. Janicki has picked up the letter from the Glassboro Post Office.

9. Further, to date, my office has not received a notice indicating that the copy sent to Mr. Janicki by regular mail was undeliverable.

10. On the morning of May 11, 2022, my office contacted the United States Post Office in Glassboro, NJ, and requested tracking information for the certified letter sent on April 13.

11. The Post Office representative indicated that Mr. Janicki has been notified three times that he has a certified letter waiting for him at the Post Office, but has not picked it up.

I certify that the foregoing statements made by me are true. I understand that if any statements made by me are willfully false, I am subject to punishment.



/s/Geoffrey N. Stark
Geoffrey N. Stark

Dated: May 11, 2022



The page contains a rotated reverse side of USPS PS Form 3800 (Certified Mail Receipt) with instructions and reminders about Certified Mail service, Return Receipt service, Restricted delivery, Adult signature services, and postmarking. Form 3800, April 2015 (Reverse) PSN 7530-02-000-9047.